William D. BOLING, Individually, William D. Boling, as Trustee of the Agnes T. Boling Living Trust, and W. Frank Boling, et al., Plaintiffs,

v.

The UNITED STATES, Defendant.

Nos. 93–84L, 94–140L to 94–165L.

United States Court of Federal Claims.

Oct. 10, 1997.

Thornwell F. Sowell of Sowell, Todd, Laffitte. Beard & Watson, L.L.C., Columbia, SC, with whom was H.F. Bell, Chesterfield, SC, for plaintiffs.

Alan Brenner, Department of Justice, Washington, DC, for defendant.

## ORDER

WIESE, Judge.

### VACATING JUDGMENTS DISMISSING COMPLAINTS FOR LACK OF TIMELINESS

### and

### SUSPENDING ENFORCEMENT OF OPINION ENTERED SEPTEMBER 8, 1997, PENDING FURTHER PROCEEDINGS

On September 8, 1997, this court issued an opinion in these joined suits holding, *inter alia,* that nineteen of the twenty-six claims at issue were barred by the statute of limitations. This holding was based on the conclusion, drawn from stipulated expert testimony, that the bank erosion affecting the properties in question was part of an ongoing process whose intrusion upon the plaintiffs' lands first became identifiable more than six years prior to the filing of the complaints in this court. The actions were held to be untimely and therefore were dismissed for lack of jurisdiction.

On September 29, 1997, plaintiffs filed motions titled "Motions To Amend, For A New Trial And For Relief From Stipulation." In substance, the motions assert that plaintiffs agreed to accept, *i.e.,* stipulated to, the various erosion commencement dates set forth in defendant's expert report based on the reasonable expectation—fostered by views expressed by this court during the final pretrial conference—that plaintiffs' taking claims were continuing in nature and therefore presented actionable demands for just compensation for land lost to erosion within the six-year period preceding the initiation of suit. The court, however, ultimately issued an

opinion rejecting the applicability of the continuing claim doctrine to plaintiffs' taking claims. 38 Fed.Cl. 705, 714–18 (1997).

Pointing now to this "reversal" of position on the court's part, plaintiffs raise the argument that they were misled into relinquishing their right to demonstrate, through trial, that the erosion studies performed by defendant's expert harbor a significant margin of error as to when erosion first affected plaintiffs' lands. The opportunity to demonstrate this error in defendant's expert's studies, and thereby to reestablish the timeliness of their claims, is the object of the motions now before the court. Plaintiffs ask that we vacate the judgments entered against them, relieve them of their stipulation concerning the erosion commencement dates, and permit the matter to proceed to trial.

Defendant opposes plaintiffs' motions. Defendant asserts that the views expressed by the court during the final pretrial conference were not nearly as emphatic as plaintiffs claim. Rather, says defendant, the court's views concerning the appropriateness of treating plaintiffs' taking claims as continuing claims were much too tentative and hedged to have warranted plaintiffs' reliance on them as predictive of an assured outcome. The way defendant sees it, plaintiffs stipulated to the correctness of the views of defendant's expert because, in fact, they had no viable opposing testimony.

The court has reviewed the transcript of the final pretrial conference and has concluded that plaintiffs' assertion of having been misled by the court's statements is well-founded. The transcript reveals, first of all, that the court did indicate that it considered erosion affecting a riparian estate to give rise to a continuing cause of action rather than a unitary cause of action and, second, that plaintiffs accepted this assessment of the law and were thereby persuaded to relinquish their opportunity to challenge the conclusions drawn by defendant's expert as to when erosion first affected their lands.

Given plaintiffs' reliance and given also the court's ultimate determination rejecting the legitimacy of the continuing claim doctrine as applied to the facts of the claims at issue, fundamental fairness dictates that plaintiffs have restored to them the opportunity to challenge the methodology and conclusions set forth in the report of defendant's expert.

Accordingly, pursuant to the authority granted by Rule 60(b)(6), the court orders as follows:

First, that the judgments of dismissal entered on September 17, 1997, in case numbers 94–140L, 94–141L, 94–143L, 94–144L, 94–145L, 94–146L, 94–147L, 94–149L, 94–150L, 94–151L, 94–152L, 94–153L, 94–154L, 94–155L, 94–156L, 94–157L, 94–160L, 94–162L, 94–163L, 94–164L, and on September 23, 1997. in case number 93–84L, be vacated.

Second, that plaintiffs be relieved of their stipulation accepting the accuracy of the findings resulting from the erosion studies performed by defendant's expert that are set forth in Defendant's Proposed Finding No. 12, filed March 25, 1997.

Third, pending a trial and the subsequent entry of factual findings by the court, enforcement of the opinion entered in this matter on September 8, 1997, shall be suspended.